**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Gerber Life Insurance Company,

Plaintiff,

v.

Marcus Robinson, *et al.*,

Defendants.

Case No. 26-cv-12730

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

________________________________/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATE SERVICE ON DEFENDANT MARCUS ROBINSON [9] AND GRANTING PLAINTIFF'S MOTION TO EXTEND THE SERVICE DEADLINE [12]**

On October 7, 2026, Plaintiff Gerber Life Insurance Company filed a motion for alternate service on Defendant Marcus Robinson. (ECF No. 9.) On November 4, 2026, Plaintiff filed a motion for an extension of time to serve Robinson. (ECF No. 12.) For the reasons set forth below, the motion for alternate service is denied without prejudice and the motion to extend the service deadline is granted.

On August 6, 2026, Plaintiff initiated this interpleader action against Defendants Marcus Robinson and Janel Patrice. (ECF No. 1.)

Summons was issued for Robinson on that date. (ECF No. 2.) Plaintiff indicates that "[o]n August 7, 2026, [Plaintiff] sought a waiver of service of process from Marcus Robinson . . . , but to date has not received an executed waiver from him." (ECF No. 9, PageID.113; *see* ECF No. 9-1, PageID.119–122.) Plaintiff

> retained a professional process server to serve Robinson with the Summons and Complaint at his last known address, 759 Seminole Street, Detroit, Michigan 48214. The process server attempted service on September 16, 2026, at approximately 1:15 p.m.; September 19, 2026, at approximately 9:46 a.m.; and September 22, 2026 at approximately 7:12 p.m. No one answered the door during any of those attempts, and the process server returned the Summons unexecuted.

(ECF No. 9, PageID.113–114 (citing ECF No. 9-2, PageID.124).) Attached to Plaintiff's motion is a proof of service form signed by the process server under penalty of perjury. (ECF No. 9-2, PageID.124 (indicating that the summons was returned unexecuted because "[t]here was no answer to the door for [the] 3 attempts" listed above).) In its motion, Plaintiff seeks permission to serve Robinson by publication or posting under Michigan Court Rule 2.106 "together with mailing a copy of the Summons, Complaint, and the Court's order to Robinson at his

last known address by registered mail, return receipt requested." (ECF No. 9, PageID.115; *see id.* at PageID.116.)

Federal Rule of Civil Procedure 4(e) states that an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Michigan Court Rule 2.105[1] provides that

---

[1] The Court considers Michigan law in deciding Plaintiff's motion because that is the state law Plaintiff references in its filing (ECF No. 9, PageID.112, 114) and because it is appropriate for the Court to do so under Federal Rule of Civil Procedure 4(e)(1). This Court is located in Michigan, and Plaintiff is serving Robinson in Michigan. *See* Fed. R. Civ. P. 4(e)(1) (allowing service on an individual "in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

> [p]rocess may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

If a party "show[s] that service of process cannot reasonably be made as provided by [Michigan Court Rule 2.105], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The party moving for an alternate means of service "must set forth sufficient facts to show that process cannot be served under [Michigan Court Rule 2.105] and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. R. 2.105(J)(2).

Here, Plaintiff does not demonstrate that service of process cannot reasonably be made as provided by Michigan Court Rule 2.105. A process server attempted to serve Robinson personally at his "last known address" at 759 Seminole Street, Detroit, MI 48214.[2] (ECF No. 9, PageID.113; *see* ECF No. 9-2, PageID.124.) The service attempts took place on three dates in September 2026 and at different times of day. (*Id.*) "No one answered the door during any of those attempts, and the process server returned the Summons unexecuted." (ECF No. 9, PageID.113–114 (citing ECF No. 9-2, PageID.124).) Plaintiff made no other attempt to serve Robinson personally or by mail. Michigan Court Rule 2.105(A)(2) authorizes "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A)(2). Plaintiff does not show that Robinson cannot be served by mail as allowed by Michigan Court Rule 2.105(A)(2). Accordingly, Plaintiff's motion for alternate service (ECF No. 9) is denied without prejudice. Plaintiff must attempt to serve Robinson by mail under Michigan Court Rule

[2] Plaintiff states that this "address [was] provided by Robinson himself on his claim form for the benefits at issue." (ECF No. 9, PageID.115.) But a document attached to the complaint that appears to be Robinson's claim form does not contain this address. (ECF No. 1-17, PageID.63.)

2.105(A)(2) before renewing its request for alternate service. Plaintiff is free to carry out additional attempts at personal service on Robinson. *See* Mich. Ct. R. 2.105(A)(1).

As noted above, Plaintiff seeks an extension of time to serve Robinson. (ECF No. 12.) The service deadline in this case is currently November 4, 2026. Under Federal Rule of Civil Procedure 4(m), "the court must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure" to serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). The facts presented in Plaintiff's motions demonstrate that Plaintiff has made a reasonable and diligent effort to complete service on Robinson in a timely manner. The Court finds that Plaintiff has shown good cause under Rule 4(m). The service deadline is thus extended by ninety days.

For the reasons set forth above, Plaintiff's motion for alternate service on Robinson (ECF No. 9) is DENIED WITHOUT PREJUDICE.

Plaintiff may renew its request for permission to serve Robinson through alternate means after it attempts to serve him by mail under Michigan Court Rule 2.105(A)(2).[3] As stated above, Plaintiff may make additional attempts to personally serve Robinson as well. For each method of service used, Plaintiff must file proof of service promptly with the Court.

Moreover, Plaintiff's motion for an extension of time to serve Robinson (ECF No. 12) is GRANTED. The deadline for Plaintiff to serve Robinson is extended by ninety days; the service deadline is now February 2, 2027.

IT IS SO ORDERED.

Dated: November 16, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

[3] Having reviewed Plaintiff's motion for alternate service (ECF No. 9), the Court has concerns that Plaintiff does not make a sufficient showing that its proposed methods of alternate service—service by publication or posting as provided by Michigan Court Rule 2.106 together with a mailing—are "reasonably calculated to give [Robinson] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1); *see* Mich. Ct. R. 2.106(D)–(E). If Plaintiff elects to renew its request for alternate service on Robinson, the Court suggests that Plaintiff (1) elaborate on why each proposed method of alternate service under Michigan Court Rule 2.106 is reasonably calculated to give Robinson notice (assuming Plaintiff again seeks permission to serve Robinson under Michigan Court Rule 2.106) or (2) consider requesting other forms of alternate service that Plaintiff can show are reasonably calculated to give Robinson notice.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager